# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CHARLES RICE,                    )
                                 )
    Petitioner,          )
                                 )
v.                               )          CV420-188
                                 )
WARDEN WHITE,                    )
                                 )
    Respondent.          )

## REPORT AND RECOMMENDATION

Charles Rice has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging defects in his state criminal case. Doc. 1. He asserts that his trial counsel provided ineffective assistance for failing to present allegedly exculpatory evidence, that the prosecution failed to provide him with allegedly exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that there was a "confrontation clause violation," concerning witnesses "not subpoena[ed]," and that his trial counsel did not investigate or present an insanity defense based on petitioner's alleged "mental deppression [sic]." Doc. 1 at 5-10. Since Rice appears to be indigent, his motion for leave to proceed *in forma pauperis* is **GRANTED**. Doc. 2. Preliminary review under Rule 4 of the Rules

Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Rice's state collateral challenges to his conviction remain pending. *See* doc. 1 at 2-3 (discussing habeas petition filed in Telfair County State Court on March 16, 2020).   Rice's petition is explicit that collateral proceedings in the state court remain "pending," as of the date of his filing. *See id.* at 2, 12.  Before seeking § 2254 relief, however, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").  Rice, by his own admission, has yet to do that.  He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented."  28 U.S.C.

§ 2254(c) (emphasis added).  That includes awaiting a response from the state court.[1]

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4, Rules Governing Section 2254 Cases.  Accordingly, this petition should be **DISMISSED without prejudice** for lack of exhaustion.[2]  His motions for discovery and for an evidentiary hearing are **DENIED**.  Docs. 4 & 5.  This Report and Recommendation (R&R) is submitted to the district judge assigned

---

[1] The Court notes that the attachment to Rice's petition, which includes documents of uncertain provenance apparently from his prosecution, is peppered with statements indicative of, if not explicitly avowing, "sovereign citizen" arguments.  *See* doc. 1-1 at 7 (portion of a transcript including a statement by the "defendant" stating "I'm a sovereign American national and I'm under common law jurisdiction and under originally (sic) jurisdiction."), 10-15 (a "notice" including the statement "I, the Undersigned, tendering this document, am a Private People of Posterity; a Sovereign Personam Sojourn; by fact; not a 14th Amendment citizen or surety within; or subject for; or allegiance to; your corporate "UNITED STATES" . . ."); 16 (a "Hold Harmless and Indemnity Agreement Non-Negotiable Between the Parties"); 17-20 (a "Security Agreement"); 21-22 (UCC Financing Statements).  As one court has explained: "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  *These theories should be rejected summarily, however they are presented.*"  *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (emphasis added).

[2] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.   28 U.S.C. § 2253(c)(1); *see*

4

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 31st day of August, 2021.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia